IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NISSAN MOTOR ACCEPTANCE CORPORATION | * |
| Plaintiff, | * |
| v. | * Civil Case No. SAG-18-3528 |
| PENSARE, LLC, et al. | * |
| Defendants | * |

## MEMORANDUM OPINION

Plaintiff Nissan Motor Acceptance Corporation ("Nissan") has filed a Motion for Attorneys' Fees and Expenses, ECF 32, as permitted by this Court's order, ECF 31. Defendants Pensare, LLC ("Pensare") and Donato Sauro a/k/a Danny Sauro (collectively "Defendants") have not filed an opposition. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons stated herein, Nissan's Motion will be granted in part and denied in part.

Initially, the financing documents governing this case provide that Nissan is entitled to recover "all costs and expenses, including [its] attorney fees and in house counsel fees at prevailing rates" for this litigation to enforce its rights and collect amounts owed. *See, e.g.* ECF 28-3 at 4; *see also* ECF 28-4 at 9 ("Borrower shall pay to [Nissan], upon demand, all expenses (including reasonable attorneys' fees and other legal expenses) incurred by Nissan in effecting, or attempting to effect, collection"); ECF 28-5 at 4 ("If any legal action or actions are instituted by Lender to enforce any of its rights against Guarantor hereunder, then Guarantor agrees to pay lender all expenses incurred by Lender relative to such legal action or actions including, but not limited to, court costs plus reasonable attorneys' fees").

First, Nissan seeks its costs: $400.00 for the filing fee, $280.00 in process service fees, $16 in courier charges, $186.30 in mailing fees, and $112.00 in financing statement amendments made. The charges are substantiated in the legal bills and represent reasonable expenses under the circumstances of this case.

Second, Nissan seeks seek attorneys' fees in the amount of $73,313.20. To calculate the appropriate award of attorneys' fees, the Court must first determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008); *see Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) (stating that "[i]n addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award") (internal citations omitted). A trial court may exercise its discretion in determining the lodestar amount because it possesses "superior understanding of the litigation," and the matter is "essentially" factual. *Thompson v. HUD*, No. MJG–95–309, 2002 WL 31777631, at *6 n. 18 (D. Md. Nov. 21, 2002) (quoting *Daly v. Hill*, 790 F.2d 1071, 1078-79 (4th Cir. 1986) (internal quotation marks omitted)). Once the lodestar amount has been determined, the Court determines whether or not it constitutes a reasonable fee, and makes any necessary adjustments. *See Carroll*, 53 F.3d at 629. In evaluating both the lodestar calculations and the overall reasonable fee, this Court uses "the twelve well-known factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) and adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978)." *Thompson*, 2002 WL 31777631, at *6 (footnotes omitted). Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to properly perform the legal service; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations

imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at *6 n. 19 (citing *Johnson*, 488 F.2d at 717-19).

Initially, to determine the lodestar amount, the Court multiplies a reasonable hourly rate by the hours reasonably expended. Here, the rates charged for three of the four attorneys performing work on the case comport with this Court's Guidelines. *See* Loc. R., Appx. B (Guidelines). The most junior attorney, Matthew Cassilly, was admitted to the bar in 2013, and therefore has practiced for six years. ECF 32-1 at 2. The Guidelines provide an hourly rate range between $165 and $300 for attorneys with five to eight years of practice. *See* Loc. R., Appx. B (Guidelines). Accordingly, the hourly rates of $310 and $320 that the firm charged, at various times, for Mr. Cassilly's work exceed the range suggested in the Guidelines. His hourly rate will be reduced to $220. Similarly, the firm charged $220 per hour for the paralegal on the case, and the Guidelines provide for a maximum rate of $150. The rate for paralegal services (which only amount to 0.3 hours) therefore will be reduced to $150.

Turning to the number of hours billed, most of the entries appear entirely reasonable, with just two exceptions. First, on November 15, 2018, an experienced attorney, charging $310 per hour, billed one hour of time to file the complaint and associated documents with the Court. Clerical work is not properly billable as legal fees to one's adversary. *See Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002) ("Tasks of a clerical nature are not compensable as attorney's fees") (quoting *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000)) (denying compensation for mailing a complaint and summons); *see also Magwood v. Astrue*, 594 F. Supp. 2d 557, 563 (E.D. Pa. 2009) (finding that clerical tasks should be excluded from the total attorney fee); *Chapman v. Astrue*, 2:08CV00040, 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009)

(finding "purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all."). The entry will therefore be redacted. Second, on January 2, 2019, the date of the preliminary injunction hearing, two attorneys (Mr. Cassilly and Mr. Greenberg) appear to have been engaged in at least partially duplicative work. The Local Rules provide that only one attorney can bill for hearings and client conferences. *See* Loc. R., Appx. B, Guideline 2. While the time entries prepared by counsel do not allow the court to determine that the work was precisely duplicative, it appears clear that both attorneys engaged in witness preparations, settlement discussions, and the hearing itself. Accordingly, this Court will disallow the entry attributable to the attorney with the lower billing rate (5.7 hours billed by Mr. Cassilly).

With those reductions, calculating the lodestar rate, the following numbers were used for each timekeeper identified on the billing statement, ECF 32-1:

|     | Hourly rate | Hours | Total      |
| --- | ----------- | ----- | ---------- |
| KAS | $378        | 1.4   | $529.20    |
| WRK | $345        | 9.2   | $3,174.00  |
| JSG | $310        | 187.9 | $58,249.00 |
| MBC | $220        | 29.3  | $6,446.00  |
| CAA | $150        | 0.3   | $45.00     |

The adjusted lodestar rate, then, totals $68,443.20.

Applying the *Johnson* factors to the adjusted lodestar amount, I find it to be a reasonable fee in this matter. The time billed and work performed were reasonable and necessary, and the case presented certain exigent circumstances requiring prompt and somewhat complex legal action, such as the pursuit of injunctive relief to stop ongoing sales of collateral, and ultimately overseeing the sales of the automobile dealership at issue. The attorneys are experienced in the

field, and obtained good results for their client. As noted, the attorneys' rates, as adjusted, are within the ranges deemed presumptively reasonable by this Court. In sum, then, the relevant *Johnson* factors support an award in the adjusted lodestar amount of $68,443.20, plus costs of $994.30.

**CONCLUSION**

For the reasons set forth above, Nissan's Motion for Attorneys' Fees and Expenses, ECF 32, will be GRANTED in part and DENIED in part. A separate Order follows.


Dated: December 31, 2019 /s/
Stephanie A. Gallagher
United States District Judge